FILED

SEP 21 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

DEMOND S. VALLIERE  13336-179   )
FCC-6W                          )
VS. #0026020      PETITIONER    )
BEAUMONT, TX. 77720             )   Case: 1:07-cv-01680
                                ) C Assigned To : Kollar-Kotelly, Colleen
ALBERTO GONZALES, UNITED STATES )   Assign. Date : 9/21/2007
ATTORNEY GENERAL,               )   Description: Habeas Corpus/2255
HARLEY LAPPIN, DIRECTOR         )
BUREAU OF PRISONS               )
                 RESPONDENTS    )

PETITION FOR WRIT OF HABEAS CORPUS
Pursuant To Title 28 U.S.C. § 2241 (a)

---

Comes Now, Petitioner VALLIERE , acting pro-se in the above matter.

The Petitioner VALLIERE , is at Federal Correctional Institution whose Statutory and Due Process rights have been violated by the Federal Bureau of Prisons when they unconstitutionally denied him early release eligibility under 18 U.S.C. §3621(e), the Equal Protection Clause, and Due Process Clause of Fifth Amendment. An inmate who was sentence to a term of imprisonment pursuant to the provisions of Chapter 227, sub-chapter (D) for a non-violent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug treatment program during his/her current commitment may be eligible, in accordance with paragraph (a) of this section for early release by a period not to exceed 12 months. Namely the five-hundred (500) hour in patient treatment program offered within the designated facilities. This is an intentive drug treatment program in which Congress enacted to address the growing concern and as an incentive authorized for a sentence reduction for those who completed the program. And it is for reason petitioner appeals to this Honorable Court for (consideration for early release).

1

Jurisdiction of the Court

This Court has jurisdiction over this action pursuant to 28 U.S.C §2241 because the petitioner's term in federal custody is being determined in violation of the United States Constitution and the Laws of the United States.

The Petitioner also invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1331, in that the action arises out of the Constitution and Laws of the United States and seeks corrective action by officers and employees of the United States in their official capacity.

The Petitioner also invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1343(4), in that the petitioner seeks to redress the deprivation or right guaranteed by both the Constitution and Federal Statutes.

PARTIES

The petitioner is presently confined at a Federal Correctional Institution pursuant to a judgment of the United States District Court for the District of Southern Texas, the Warden of the Federal Correctional Institution and through the Federal Bureau of Prisons an agency of the United States Department of justice is responsible for the petitioner's custody and his/her term of confinement.

Statement of the Case

On 5/16/2002 the Honorable Judge Werlein for the United States DIstrict Court for the District of Southern Texas sentence the petitioner to a term of imprisonment for 120 months upon his/her conviction for violation of Felon in Poss/Firearms 18 U.S.C § 922(g)(1) and 924(A)(2)
Case No. 4:01CR00459-001 has been in custody in connection with this offense since 07/10/2001.

Statement of Law

Program statement, which listed felon in possession of firearm as disqualifying "crime of violence" for purpose of early release under

prison's drug abuse treatment program and which was in effect when inmate began and completed the program was insufficent authority to render inmate ineligible for early release based on successful completion, insomuch as prevailing statutory definition of " crime of violence " did not encompass felon's mere possession of firearm. 18 U.S.C.A. § 16, 922(g), 924(c)(3), 3621(e)(2)(B).

In King v. Morrison 231 F.3d 1094 (8th Cir. 2000) Section 32001 of the Violent Crime control and Law enforcement Act of 1994 codified at 18 U.S.C.A. § 3621(e)(2)(B) authorizes the B.O.P. to offer an early release incentive to certain federal prisoners to encourage them to enroll in it's voluntary drug abuse treatment program. The statute is discretionary. It does not require the B.O.P. to give any prisoner a sentence reduction. The agency must only (1) limit it's consideration reductions to those prisoner's convicted of non violent offenses: (2) Limit any sentence reduction to one year or less.

Futher Congress did not define " crime of violence " leaving agency to interpret the term. On May 25, 1995, the B.O.P. issued P.S. 5330.10 (Drug Abuse Programs Manual) which listed the qualifications that participating inmates must meet in order to qualify for early release eligiblity.
A substance abuse problem [shall] have the opportunity to participate in appropriate substance abuse treatment. In 1994, as incentive for prisoner's to seek treatment, Congress made one-year sentence reductions available to prisoners convicted of non-violent offenses who succesfully completed the substance abuse treatment programs, 18 U.S.C. §3621(e)(2)(B). As a result , in 1995, the B.O.P. published a regulation to implement the early release incentive and defined a non-violent offense to exclude any conviction accompanied by the possession of a firearm or other dangerous weapons. The Ninth Circuit rejected the B.O.P.'s interpretation, holding that the

B.O.P. cannot define " non-violent offense " to exclude firearm possession when Congress defines " non-violent offense " in precisely the opposite way Davis v. Crabtree 109 F.3d 566, 569 (9th Cir. 1997): See also Downey V. Crabtree, 100 F.3d 662, 667 (9th Cir. 1996).

According, the B.O.P. promulgated an interim regulation on Octber 9,1997, and made the regulation effective on Octber 15, 1997, See 28 C.F.R. §550.58(a)(1)(vI(B)(1997); 62 F.3d Reg. 53, 690, P.S. 5162.04 (Oct. 9, 1997). The (1997) interim regulation made ineligible for the early release incentive to those prisoners currently incarcerated for an offense that involved the possession, use, or carrying of a firearm 28 C.F.R. §550.58(a)(1)(VI)(B) Relying instead on its discretion rather than on an interpretation of the term " non-violent offense " , the B.O.P.'s (1997) rule and program statement exclude exacty the same prisoners from early release eligibility who were ineligiible under the old rules Id.

But the Court have upheld the exercise of the B.O.P.'s descretion on rule and program statements and policies were invalid because they were not implemented in accordance with the notice and comment provisions of the Administrative Procedures Act (APA). Lopez v Davis, 531 U.S. 230, 244, 121 S.Ct. 714, 143 L.Ed 2d 635 (2001); Grassi v Hood, 251 F.3d 1218, 1221 (9th Cir. 2001); Bower v Hood, 202 F. 3d 1211 (9th Cir. 2000) rev'g Davis v Crabtree, 28 F. Supp. 2d 1264 (D. Or. 1998)(holding that the B.O.P.'s new interp tation conflicted with the unambigously expressed intent of Congress, Meriting on defense). On December 22, 2000, the B.O.P. replaced the (1997), interim regulatiom with a final regulation which adopted the (1997) regulation without any change. See 65 Fed. Reg.80, 745. See in Bohner v Daniels, 243 F. Supp. 2d 1171 (D. Or. 2003) that the (1997) rules were invalid because they were promulgated in violation of the (APA). In the Ninth Circurt Court

of Appeals it was held in Paulsen v. Daniels, that the B.O.P. plainly violated the APA in it's promuglation of the (1997) interim regulation" and that because the effect of the regulation was to deny petitioner's sentence reduction the petitioner clearly has sustained an injury in fact affording him standing .ID at 1004, 2005 WL 1523203.

Petitioner also submits to this Honorable Court the Statute 18 U.S.C 3621 (e)(5)(B)authorized the BOP to select those inmates who will be best served by participation in a treatment program.

Congress did not specify a precise program to be implemented by the BOP, but instead left to discretion of the BOP the determination of how to implement the specifics of the program:

In effect this subparagraph authorizes the Bureau of Prisons to shorten by up to one year the prison term of a prisoner who has successfully completed a treatment program, **based on criteria to be established and uniformly applied by the Bureau of Prisons.**
**H.R.Rep. 103-320 , 103rd Congress, 1st Sess.(1993)(Emphasis added).**

In Laws V Barron 348 Fsupp2d 795(E.D.KY 2004)the Court explained that "the BOP applies the same standard on the instant Petitioner thoughout the nation , as explained by Dr. Hanson's statement to this effect but also by the language in the regional and national memoranda as they instruct and emphasize consistancy .[P]etitioner  challenges this claim and would submit to the Court his exhibit number one.

///// 5-PETITION FOR WRIT OF HABEAS CORPUS

The Exhibit entitled "Operations Memorandum 026-99(5162)
" Dated 5/17/99 Subject :Release Procedures for Inmates Eligible For Release Under 18 U.S.C § 3621(e).

This memorandum clearly shows that BOP policy is not uniform as required by Congress but varies from Circuit to Circuit.

In Practice the BOP transfers inmates to the less desirable circuits to avoid having to grant the sentence reductions thus circumventing the uniform rule and policy mandate from Congress. If Petitioner were convicted in the Ninth Circuit the Offense of Felon In Possession of a Firearm could not be used to deny sentence reduction eligiblity nor could sentence enhancement factors. See BOP OM 038-97. (Petitioner was not able to find any superceding OM's on this subject).
This action of the BOP is violative of Petitioner's rights
 of Due Process and Equal Protection granted by the Constitution of the United States.

The Equal Protection Clause forbids a state from arbitrarily treating on group of prisoners worse than another.See Anderson v. Romero 72 F3d 518, 526(7th Cir 1995) also Davis v. Milwaukee County 225 Fsupp2d 967(E.D.Wis 2002).
In the Petitiioner's Case Number  4:01CR00459-001    Felon In Possession of a Firearm , dated 4/19/01  showing this as the basis for denial of eligibilty for a reduction in sentence upon successful completion of the BOP's RDAP Program , Form J would show a deprivation of a due process protected liberty interest, protected by U.S.C.A. Const Amend 5. See Richardson v. Joslin 397 FSupp2d 830 (N.D. TX 2005) stating "Inmate can establish the deprivation of a due-process liberty interest mandated under
///// 6-PETITION FOR WRIT OF HABEAS CORPUS

federal law that affects the duration of his sentence, although this requires more than a unilateral expectation of a sentence reduction, rather inmate must have a legitimate claim of entitlement to sentence reduction.

The disparity between the Circuits as shown by the BOP's Operations Memorandum marked Exhibit One and the Bureau of Prison show not all prisoners are treated properly in regards to their Due Process rights. The due process rights of prisoners include freedom from restraint which imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life. Sandin V. Conner 515 U.S. 472, 115 S.CT. 2293, 132 Led2d 418(1995).

Here, Petitioner Valliere, was convicted of a non-violent offense and claims he is elibible for reduction of his period of custody under under 18U.S.C.§ 3621(e).

In summary the Petitioner Valliere has filed for Habeas Corpus relief under 28 U.S.C. 2241, that the Bureau violated the APA, and that the violation was not harmless, the Question of Remedy, "Ordinarily when a regulation is not promulgated in compliance with the APA, the regulation in invalid". Idaho Farm Bureau, 58 F3d at 1405(9th Cir1987).

## CONCLUSION

Therefore, for these reasons the Petitioner's Writ of Habeas Corpus should be granted and on Order issued to the BOP deeming the Petitioner eligible for a reduction of his period of custody upon Petitioner's successful completion the RDAP Program. The BOP shall grant a reduction of one year from Petitioner's sentence.

Respectfully Submitted _Demond Valliere_ Date 8-13-07

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**  DEMOND S. VALLIERE

**DEFENDANTS**  ALBERTO GONZALES, ET AL

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88886
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PA)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
# 13336-179

Case: 1:07-cv-01680
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 9/21/2007
Description: Habeas Corpus/2255

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A.** *Antitrust*
☐ 410 Antitrust

**☐ B.** *Personal Injury/ Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C.** *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E.** *General Civil (Other)* OR **☐ F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

**No Summons Issued**

| ☒ G. *Habeas Corpus/ 2255* <br> ☒ 530 Habeas Corpus-General <br> ☒ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination* <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br> *(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241 - Habeas Corpus

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction) ☐ YES ☒ NO   If yes, please complete related case form.  N,F.

DATE 9-21-07   SIGNATURE OF ATTORNEY OF RECORD  *NCP*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.